1  DAVID D. LAWRENCE, State Bar No. 123039
   dlawrence@lbaclaw.com
2  JAMES S. EICHER, JR. State Bar No. 213796
   jeicher@lbaclaw.com
3  SCOTT E. CARON, State Bar No. 227871
   scaron@lbaclaw.com
4  ROCCO ZAMBITO, JR., State Bar No. 306115
   rzambito@lbaclaw.com
5  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
6  Glendale, California  91210-1219
   Telephone No. (818) 545-1925
7  Facsimile No. (818) 545-1937   NOTE: CHANGES MADE BY THE COURT

8  Attorneys for Defendants
   David Dickey, Chris Bridges, City of San Buenaventura, and Ventura Police
9  Department

10

11              **UNITED STATES DISTRICT COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

14  ANDREW SCOTT HERNANDEZ,          )   Case No. 2:17-cv-03447 VAP (RAOx)
                                     )
15              Plaintiff,           )   Magistrate Judge Rozella A. Oliver
                                     )
16         vs.                       )   **PROTECTIVE ORDER**
                                     )
17  DAVID DICKEY, CHRIS BRIDGES,     )   _____
    CITY OF SAN BUENAVENTURA,        )
18  VENTURA POLICE                   )
    DEPARTMENT, and DOES 1-10,       )
19                                   )
            Defendants.              )
20                                   )
                                     )
21                                   )
                                     )
22  _____ )

23      Having reviewed and considered the Parties' Stipulation for Protective

24  Order governing Confidential Information produced during discovery, good cause

25  showing therein, IT IS SO ORDERED:

26      1.    <u>Plaintiff</u>.  Plaintiff is ANDREW SCOTT HERNANDEZ (hereinafter

27  "Plaintiff").

28      2.    <u>Defendants</u>.  Defendants are David Dickey, Chris Bridges, City of

1

San Buenaventura and Ventura Police Department (collectively, hereinafter "Defendants") (Plaintiff and Defendants are collectively referred to hereinafter as "the Parties").

3. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

6. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

7. Case Summary. This case arises from Plaintiff's allegations that Defendants violated his rights based on the February 25, 2015 incident which led to the arrest of Plaintiff.

8. Good Cause Statement and Confidential Materials. The parties anticipate that during discovery in this action they will exchange documents, items, or materials and other information that contain sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their confidentiality. The parties believe, in good faith, that these documents and/or writing are protected by the Official Information Privilege, the right to privacy guaranteed in Federal Constitution, First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure. This will be accomplished by affixing to such document or writing a legend, such as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect. Documents and writings so designated, hereinafter, collectively,

("Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order.  Documents, writings and things to be designated as such, include, but are not limited to, the following:

      a.  Any non-public material relating to the criminal investigation of the February 25, 2015 incident involving Plaintiff's arrest;

      b.  Any material relating to or regarding the personnel files and/or records of officers of the Ventura Police Department;

      c.  Any training records of the Ventura Police Department including but not limited to those of the named individual defendants relating to use of force and laws of arrest;

      d.  Any Ventura Police Department policies, practices, or procedures and/or  training materials including but not limited to documentation relating to use of force and laws of arrest;

      e.  Any material containing sensitive and/or private information regarding third parties.

      f.  Medical records of the Plaintiff

      g.  Psychological records of the Plaintiff

    9.    <u>Interests in Favor of Protective Order</u>.  This Order is necessary to expedite discovery, while maintaining confidential and private information of Defendants, Plaintiff and third parties, and it is necessary to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense. Further, disclosure of such information without a protective order may compromise the safety of Defendants, Plaintiff and third parties.

    10.    <u>Stipulation.</u>  The Parties are entering into this Stipulation for Protective Order to protect against any improper disclosure or risk of circumvention of law that might result from disclosure of sensitive and confidential information as described in this Order.  To informally resolve this discovery matter, the Parties have agreed to this Stipulation for Protective Order

that carefully limits the use and dissemination of the Confidential Information.

11. **Confidential Information.** This Protective Order shall apply to all Confidential Information produced in this case. The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from the parties in this matter; originals and copies of relevant documents responsive to requests for production of documents obtained from the parties in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, and/or referred to. The Confidential Information shall be subject to this Protective Order as follows:

12. **Storage of Confidential Information.** Immediately upon production of disclosures or discovery by a party to this action or Non-Party, attorneys for receiving party shall personally secure and maintain the Confidential Information in their possession. The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

13. **Confidential Information Legend.** All documents containing Confidential Information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect. Such stamp shall not obscure the document.

14. **Limitation of Use of Confidential Information.** Attorneys for the receiving party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order. Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 13 and 14 of this

Protective Order.

15.    Testimony Regarding the Confidential Information.  In the case of depositions, any party may designate all or any portion of the deposition testimony given regarding the Confidential Information in this litigation as Confidential Information orally during the deposition.  Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this Order.   Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.

16.    Inadvertent Disclosure.  If a producing party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying the receiving party of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend.  In that event, the receiving party, upon obtaining inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the receiving party has already disseminated the Confidential Information to any person, shall notify all such persons the information was disseminated to the Confidential Information in writing of the need to return such Confidential Information and not to further disseminate it.  This provision applies to any and all Confidential Information produced to the receiving party.

17.    Limitations on the Non-Litigation Use of Confidential Information.  The confidentiality of the Confidential Information received from the producing party during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action entitled. Specifically, the receiving party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as

5

background material, or for inclusion in books, magazines, newspapers, or other publications.  The receiving party is prohibited from placing any of the Confidential Information on the Internet.

18. <u>Court Filings.</u>  If necessary in the judgment of attorneys for the receiving party, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5 or Ninth Circuit Rule 27-13.  The receiving party will inform the Court and the producing party of any Confidential Information it intends to present during trial so appropriate measure may be considered by the Court that may be necessary to protect the Confidential Information.  The receiving party's presentation of Confidential Information during trial will not require compliance with the written consent as set forth in Paragraph No. 16 below.

19. <u>Other Persons Authorized To Review Confidential Information.</u>  The receiving party's attorneys of record, attorneys in their office, law clerks and paralegals in their office, may review copies of the Confidential Information covered by this Order.  Also, Plaintiff and Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information.  Additionally, expert witnesses and other individuals and entities that may be employed or retained by the receiving party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in Paragraph No. 16 below, and comply with the provisions of that section. Counsel for the receiving party shall insure the enforcement of this protective order on their office staff, including, but not limited to, paralegals and secretaries. The Parties' attorneys may review the Confidential Information with the Parties they represent subject to the limitations set forth in Paragraphs 17 and 21.

20. <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of

6

any Confidential Information to any person described above, attorneys for receiving party who seek to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute the following acknowledgment:

"I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of each Confidential Document. I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____ /s/_____"

This written requirement applies to, but is not limited to, expert witnesses and other individuals and entities that may be employed or retained by the receiving party's counsel to assist in the preparation and/or the litigation of this action. Receiving party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

21.     Defendants' and Plaintiff's Possession of Materials. Other than through their respective attorneys of record, Defendants and Plaintiff may not have possession of any Confidential Information received from a Producing party , or material derived therefrom. Further, Plaintiff's attorneys or agents may not show, reveal, or communicate to Plaintiff or, in any other way, share with Plaintiff any of the Defendants' personal identification information received during discovery by a Producing party, including, but not limited to, addresses, phone numbers, and family relations; likewise, Defendants' attorneys or agents may not show, reveal, or communicate to Defendants, in any other way, share with Defendants any of the Plaintiff's personal identification information received during discovery by a

Producing party, including, but not limited to, addresses, phone numbers, and family relations. NOTE: Nothing will restrict a party's right to access information that they would lawfully possess in the normal course of business or information that is in existence in the public domain.

22. <u>No Waiver of Objections.</u> Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order. Nor does any party waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F.2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this order.

23. <u>Subpoena for Confidential Information.</u> In the event that a Receiving party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, a Receiving party must give prompt written notice to the Producing party. Receiving party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a Court Order requiring such production.

24. <u>Modification.</u> For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

25. <u>Challenging Confidential Designation.</u>

25.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

25.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution

process under Local Rule 37.1 et seq.

25.3 <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

      26.    <u>Return of Confidential Information.</u>  No more than thirty (30) calendar days after the conclusion of this case Receiving party and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 16 of this Order, to the attorney for the producing party. Documents from Defendants should be returned to:

        David D. Lawrence
        Lawrence Beach Allen & Choi, PC
        100 West Broadway, Suite 1200
        Glendale, California 91210-1219

Documents from Plaintiff should be returned to:
        Andre L. Verdun, Esq.
        401 West A Street, Ste 1100
        San Diego, CA 92101

Alternatively, Receiving party and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this

case, counsel for Receiving party shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.  This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; (iv) any post-appeal proceedings have themselves concluded; or (v) after payment of monies due, if any, to Receiving party and/or their attorneys, whether via judgment, settlement or otherwise.

27. <u>STRICKEN  BY  MAGISTRATE JUDGE  OLIVER</u>

IT IS SO ORDERED.

Dated:  11/1/2017_____

_____
Honorable Rozella A. Oliver
United States Magistrate Judge

10